**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MARTIN PEMSTEIN and DIANA PEMSTEIN,<br><br>               Debtors,<br>_____<br><br>MARTIN PEMSTEIN and DIANA PEMSTEIN,<br><br>               Appellants,<br><br>            v.<br><br>UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA,<br><br>               Appellee.<br>_____ | Case No. CV 17-8262 FMO<br><br>BK Case No. 12-15900 RK<br><br>**ORDER RE: BANKRUPTCY APPEAL** |

Having reviewed and considered all the briefing and exhibits filed with respect to the Appeal, (Dkt. 1), of the Bankruptcy Court's Order of October 30, 2017, (Bankruptcy Docket ("BK Dkt.") 450), filed by appellants Martin and Diana Pemstein (collectively, "Appellants" or "Pemsteins"), the court concludes that oral argument is not necessary to resolve the Appeal. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**

On April 28, 2010, the Pemsteins filed for Chapter 11 bankruptcy relief pursuant to 11

U.S.C. §§ 1101, et seq. (See, generally, BK Dkt.). The estate's reorganization plan was confirmed on April 27, 2012, (see BK Dkt. 261, Order Confirming Debtors' Chapter 11 Plan of Reorganization), and on August 7, 2013, the Pemsteins filed a motion for entry of discharge and for entry of final decree. (See BK Dkt. 403, "Pemsteins' Motion for Discharge" at 3-5). The Pemsteins' Motion for Discharge was granted on September 25, 2013, and the Bankruptcy Court's Order of September 25, 2013, (BK Dkt. 421), stated as follows:

>**IT IS HEREBY ORDERED THAT**:
>
>1. The [Pemsteins' Motion for Discharge] is granted in its entirety.
>
>2. The Clerk of the Bankruptcy Court is hereby directed to enter Debtors' discharge in Debtors' bankruptcy case No. 2:12-bk-15900-RK (the "**Bankruptcy Case**"); and
>
>3. Debtors' Bankruptcy Case is closed effective as of the date of entry of this order.
>
>**IT IS SO ORDERED.**

Id. (emphasis in original).

For reasons not entirely clear, the bankruptcy court clerk[1] did not enter the discharge order until September 11, 2017, nearly four years later. (See BK Dkt. 438, "Order of Discharge"). Upon receiving notice of the Order of Discharge, the Pemsteins filed a Motion to Vacate Order of Discharge, (BK Dkt. 440, "First Motion to Vacate"), on September 25, 2017.

On October 4, 2017, the Pemsteins filed a Second Amended Motion to Vacate Order of Discharge, (BK Dkt. 445, "Motion to Vacate"), and a hearing was held on October 25, 2017. (See BK Dkt. 456, Amended Transcript of October 25, 2017, Hearing on Motion to Vacate ("Hearing Transcript") at 1). At this hearing, the Pemsteins argued that the Order of Discharge "changed the wording of the discharge" and that the wording was "material[ly] differen[t]" from the Bankruptcy Court's Order of September 25, 2013, (BK Dkt. 421). (BK Dkt. 456, Hearing

---

[1] Unless otherwise expressly indicated, "court clerk" or "clerk" refers to a clerk of the bankruptcy court as referenced in Fed. R. Bankr. P. 5001 and 5003.

Transcript at 6 & 8). The bankruptcy court explained that the Order of Discharge used "a standard order [in] phrasing the discharge," and apologized for the clerk's delay in entering the discharge order, but disagreed that the wording was "material[ly]" different. (See id. at 3, 7 & 10). The Motion to Vacate was subsequently denied, (see BK Dkt. 450, Bankruptcy Court's Order of October 30, 2017), and the Pemsteins filed a Notice of Appeal on November 9, 2017. (BK Dkt. 453); see Fed. R. Bankr. P. 8002(b).

**STANDARD OF REVIEW**

When reviewing a bankruptcy court's decision, a "district court functions as an appellate court . . . and applies the same standards of review as a federal court of appeals[.]" In re Crystal Props., Ltd., 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted). "A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code de novo." In re Orange Cnty. Nursery, Inc., 439 B.R. 144, 148 (C.D. Cal. 2010). Factual findings are reviewed for clear error, and the court "must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." In re Greene, 583 F.3d 614, 618 (9th Cir. 2009).

The district court may affirm a bankruptcy court's order "on any ground supported by the record, even if it differs from the ground relied upon by the bankruptcy court." Thrifty Oil Co. v. Bank of Am. Nat'l Trust and Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002). However, "[a]n appeal is moot if it is impossible to fashion effective relief[.]" In re Gotcha Int'l L.P., 311 B.R. 250, 253 (B.A.P. 9th Cir. 2004).

**DISCUSSION**

The Pemsteins argue that the Bankruptcy Court's Order of October 30, 2017, (BK Dkt. 450), should be reversed because of, among other things, the lack of due process, (Dkt. 19, Appellants' Opening Brief ("AOB") at 1 & 4), judicial misconduct, bias, and incompetence. (Id. at 2 & 4). The Pemsteins also contend that the bankruptcy court "improperly refused to comply" with the Pemsteins' belief that the "'SECOND DISCHARGE' dated 9/11/2017 should be vacated," (id. at 5-6), and accuse the bankruptcy court of "jump[ing] feet first into a cesspool of lies." (Id. at 7).

These contentions either lack merit or are not cognizable on appeal. Constitutional due

process guarantees the right to fair notice and an opportunity to be heard. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272, 130 S.Ct. 1367, 1378 (2010) ("Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (internal quotation marks omitted). The Pemsteins provide no evidence of any violations of due process. The bankruptcy court heard and considered the Pemsteins' Motion to Vacate, and the Pemsteins were afforded the opportunity to be substantively heard. (See, generally, BK Dkt. 456, Hearing Transcript). Next, "judicial rulings alone almost never constitute a valid basis for a bias or partiality" claim, Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994), so the mere fact that the bankruptcy court denied the Motion to Vacate does not give rise to an inference of bias, misconduct, incompetence, or impropriety. Finally, the court declines to address the "cesspool" contention because it is inappropriate for review. See Kinney v. State Bar of California, 676 F.Appx. 661, 664 (9th Cir.), cert. denied, 138 S.Ct. 358 (2017) (declining to address an appellant's remaining contentions as "entirely lack[ing] merit," "unpersuasive or inappropriate for review").

Notwithstanding the Pemsteins' nominal allegations, their fundamental dispute appears premised on the assumption that, because the Order of Discharge, (BK Dkt. 438), does not track verbatim the language in the Bankruptcy Court's Order of September 25, 2013, (BK Dkt. 421), it somehow constitutes either an illegal repeal of the Bankruptcy Court's Order of September 25, 2013, (see id.), or a "second discharge." (See Dkt. 19, AOB at 4-5). As explained below, neither the Pemsteins' assumptions nor conclusions are correct.

Rule 4004 of the Federal Rules of Bankruptcy Procedure is titled, "Grant or Denial of Discharge," and provides, among other things, that "[a]n order of discharge shall conform to the appropriate Official Form." Fed. R. Bankr. P. 4004(e); see In re Moncur, 328 B.R. 183, 191 (B.A.P. 9th Cir. 2005) (stating that a discharge order must conform with the appropriate Official Form); In re Houlik, 481 B.R. 661, 670 (B.A.P. 10th Cir. 2012) (finding that no Chapter 11 discharge had been granted in part due to the absence of a discharge order entered using the Official Form). Prior to September 11, 2017, no order of discharge had been entered using the

4

Official Form, B3180RI, as required by Fed. R. Bankr. P. 4004(e).[2] (See, generally, BK Dkt.). The Bankruptcy Court's Order of September 25, 2013, (BK Dkt. 421), did not constitute the discharge order. Rather, it granted the Pemsteins' Motion for Discharge, (BK Dkt. 403), and directed the court clerk to enter the discharge order. (See BK Dkt. 421, Bankruptcy Court's Order of September 25, 2013). Once it was discovered that a final discharge order had not been entered as required by the Bankruptcy Court's Order of September 25, 2013, (id.), and in conformance to Fed. R. Bankr. P. 4004(e), the bankruptcy court clerk proceeded to do so.

Nonetheless, the Pemsteins' confusion and concern upon receiving a notice of the Order of Discharge, (BK Dkts. 438-39), nearly four years after they thought their discharge order had been entered, was understandable. The bankruptcy court was technically correct in denying the Motion to Vacate, as the Pemsteins provided no basis to vacate the discharge order. Still, there is no question that the Pemsteins were entitled to have their discharge order entered in 2013. (See BK Dkt. 421, Bankruptcy Court's Order of September 25, 2013). Based on the dialogue at the hearing on the Motion to Vacate, the Pemsteins, who were then and are now proceeding pro se, did not appear to comprehend the bankruptcy court's explanations, and were unwilling to accept its assurances that nothing was amiss. (See BK Dkt. 456, Hearing Transcript at 3-9).

When the bankruptcy clerk's clerical oversight was discovered, the bankruptcy court could have, on its own motion, entered the Pemsteins' Order of Discharge nunc pro tunc as of September 25, 2013. See Singh v. Mukasey, 533 F.3d 1103, 1110 (9th Cir. 2008) (quoting United States v. Allen, 153 F.3d 1037, 1044 (9th Cir. 1998), cert. denied, 525 U.S. 1170 (1999)) ("Nunc pro tunc signifies . . . a thing [that] is done now, which shall have the same legal force and effect as if done at the time when it ought to have been done.") (internal quotation marks and brackets omitted). The nunc pro tunc doctrine arises from the "inherent power of the court to make its records speak the truth," but "may be used only where necessary to correct a clear mistake and

---

[2] Form B3180RI is a form developed by the Administrative Office of the United States Courts for use in individual Chapter 11 cases such as the Pemsteins' case, and is available online at http://www.uscourts.gov/sites/default/files/form_b3180ri_0.pdf. See Fed. R. Bankr. P. 4004(e) & 9009(b).

prevent injustice." Id. (internal quotation marks omitted). While there is no way to know whether the entry of the Order of Discharge nunc pro tunc would have avoided the Motion to Vacate, the fact remains that the bankruptcy court's failure to "mak[e] the record reflect what the . . . court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence[,]" id. (internal quotation marks omitted), leaves confusion in the record.[3] Still, there was no error in the late entry of the order of discharge.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT The Bankruptcy Court's Order of October 30, 2017, Bankruptcy Document No. 450, is **affirmed**. However, the case is remanded for the bankruptcy court to take the necessary measures to ensure that the entry of the Order of Discharge, Bankruptcy Document No. 438, is nunc pro tunc as of September 25, 2013, or any other date shortly thereafter the bankruptcy court may determine is appropriate.

Dated this 23rd day of April, 2018.

/s/
Fernando M. Olguin
United States District Judge

---

[3] For example, the summary of dates at the top of the Pemsteins' bankruptcy docket currently reflects that they were discharged on September 11, 2017, (see, generally, BK Dkt.), but the Pemsteins' effective discharge date should have been either September 25, 2013, or very shortly thereafter.

6